**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **IN RE PETITION OF,** )<br>**HERBERT SHAWN NOWLIN, JR.,** )<br>**IN THE MATTER OF THE ADOPTION** )<br>**OF T.L.N. AND D.S.N.,** )<br>**minor children,** )<br>)<br>)<br>)<br>) | **Case No. 17-CV-666-TCK-JFJ** |

## **OPINION AND ORDER**

On December 8, 2017, Petitioner Herbert Shawn Nowlin initiated this action by filing a pro se "Motion for Declaratory Relief Pursuant to the Complete Preemption Doctrine" (Dkt. # 1), and a letter seeking additional time to file a motion to proceed in forma pauperis (Dkt. # 2). In the letter, Nowlin described his motion as a "Civil Petition for Declaratory Relief," and indicated that he would submit a motion to proceed in forma pauperis within a week. Dkt. # 2 at 1. To date, Nowlin has not submitted a motion to proceed in forma pauperis. For the following reasons, the Court finds that Nowlin's "motion" shall be dismissed without prejudice and without leave to amend.

### *BACKGROUND*

Nowlin "plead[s] for declaratory relief pursuant [to] the preemptive force of the (ICWA), Indian Child Welfare Act, 25 U.S.C. §§ 1901, 1902, 1903, et seq." Dkt. # 1 at 1. In support of his request for declaratory relief, Nowlin alleges the following facts. His twin sons, T.L.N. and D.S.N., were born in Virginia in 2007 and "were designated by Virginia Department of Vital Records, as agreed upon by the parents, as African American descendant males." Id. At some point, the twins were voluntarily placed in the custodial care of their maternal grandparents, Rickey and Deanna Turnham. Id. In 2010, the twins' mother, Amber McDaniel, was released from state prison and "returned to live with the Turnhams." Id. at 2. Nowlin is currently serving a federal prison sentence

in Yazoo City, Mississippi, and anticipates that he will be released in "approximately 24-months." Id. at 2; Dkt. # 2 at 1.

In 2017, the Turnhams initiated adoption proceedings in Rogers County District Court. Dkt. # 1 at 2. On September 29, 2017, McDaniel signed a consent-to-adoption form, voluntarily surrendering her parental rights and consenting to the Turnhams' adoption of the twins. See id. at 2, 8-9. On the form, McDaniel certified that she and the twins are members of the Cherokee Nation. Id. at 9. Nowlin has participated in the adoption proceedings by "fil[ing] several motions contesting . . . [the] adoption of his sons." Id. at 2-3. According to Nowlin, the state district court issued "[a]n order invoking Tribal Jurisdiction as to the proceedings to terminate" his parental rights. Id. at 2.[1]

After setting forth these facts, Nowlin asserts that his "petition is related in content" to the state court adoption proceedings, but "is differently purposed in form, and is by no means defensive in nature." Id. at 3. Nowlin further asserts that this Court has jurisdiction over this action under 28 U.S.C. § 1331 because he requests declaratory relief on questions arising under the ICWA. See Dkt. # 1 at 3 (citing § 1331 as basis for this Court's jurisdiction); id. at 5 (stating that "[p]aternal rights under ICWA congressional statute raises question of Federal law"). In asserting that this Court has jurisdiction under § 1331, Nowlin also refers to the "well-pleaded complaint rule," discusses multiple cases involving the complete preemption doctrine, and contends that "[i]f complete preemption exists . . . it authorizes removal to federal court even in circumstances where the complaint has been pleaded in a way that artfully avoids mention of any federal law claims." Dkt. # 1 at 3-5. Nowlin further contends that "[c]omplete preemption transforms state law claims into federal claims, thereby creating a basis for federal question jurisdiction." Id. at 4.

---

[1] Nowlin refers to "[a]n order invoking Tribal Jurisdiction," but the only order he attaches with his motion appears to be a scheduling order for a December 7, 2017 hearing on a motion to appoint an attorney for the twins. See Dkt. # 1 at 10.

Nowlin identifies four "federal law issues" on which he seeks declaratory relief:

(a) Would a judgment in Plaintiffs' (The Turnhams pursuant ICWA proceedings) violate the Indian Child Welfare Act, 25 U.S.C. §§ 1901, 1902, 1903, et seq.;?
(b) Does Plaintiffs' actions abuse the ICWA in opposition to its Congressional Intent;?
(c) Does the Cherokee Nation's claim on his sons' descendency [sic], reach beyond the Congressionally delegated reach the ICWA was legislated to have?;
(d) Does/Will the December 7, 2017 state proceedings result in an Unconstitutional application of the ICWA?

Id. at 5.

Nowlin "contends that [these] presented questions regarding the constitutional application of the ICWA, as to the termination of his Paternal Rights, completely preempts, his decleratory/injunctory [sic] claims/requests for relief." Id. at 3. In conclusion, Nowlin states that "[i]n invoking the preemption doctrine" he asks this Court "for declaratory and Injunctive relief, and the application of 25 USCS § 1911(b); § 1911(c); and § 1911(d)." Id. at 7.

## *ANALYSIS*

Because Nowlin is a pro se litigant, the Court must liberally construe his pleadings. Garza v. Davis, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010). This rule of liberal construction "means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, in applying this rule the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Applying these principles, the Court finds that Nowlin's "Motion for Declaratory Relief Pursuant to the Complete Preemption Doctrine" should be construed as a complaint filed to initiate

3

a civil action for declaratory judgment as to his federal rights under the ICWA. So construed, the Court finds that the complaint shall be dismissed without prejudice under the Younger abstention doctrine. See Younger v. Harris, 401 U.S. 37 (1971).

In this action, Nowlin asserts that he seeks declaratory relief on four questions relating to the state district court's application of the ICWA in the underlying, and apparently ongoing, state adoption proceedings. See Dkt. # 1. But because the Declaratory Judgment Act, 28 U.S.C. § 2201, "does not confer jurisdiction upon federal courts," Nowlin must identify an independent basis of jurisdiction. See Devon Energy Prod.Co., L.P. v. Mosaic Potash Carlsbad, Inc., 693 F.3d 1195, 1202 (quoting Cardtoons, L.C. v. Major League Baseball Players Ass'n, 95 F.3d 959, 964 (10th Cir. 1996)). As discussed, Nowlin asserts that this Court has federal-question jurisdiction under 28 U.S.C. § 1331 either under the complete preemption doctrine or because his claims "arise under" the ICWA. Dkt. # 1 at 3, 5.

Under § 1331, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As the party invoking federal jurisdiction, Nowlin bears the burden to establish that this court has subject-matter jurisdiction under § 1331. See Devon Energy Prod. Co., L.P., 693 F.3d at 1201 (noting that party invoking federal jurisdiction bears burden to identify basis of court's jurisdiction).

As a preliminary matter, to the extent Nowlin relies on the complete preemption doctrine to support his assertion of federal-question jurisdiction, the Court finds that reliance misplaced. "[F]or the complete-preemption doctrine to apply, the challenged claims must 'fall within the scope of federal statutes intended by Congress completely to displace all state law on the given issue and comprehensively to regulate the area.'" Devon Energy Prod. Co., L.P., 693 F.3d at 1204-05 (quoting Hansen v. Harper Excavating, Inc., 641 F.3d 1216, 1221 (10th Cir. 2011)). Significantly,

4

"the Supreme Court has recognized complete preemption in only three areas: § 301 of the Labor Management Relations Act of 1947 ("LMRA"), § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), and actions for usury against national banks under the National Bank Act." Id.

Nowlin does not cite, nor has this Court found, any case law demonstrating that Congress intended to "completely displace all state law" regarding the adoption of Indian children or to "comprehensively regulate th[at] area" through its enactment of the ICWA. See Devon Energy Prod. Co., L.P., 693 F.3d at 1204-05. Rather, the ICWA specifically provides tribal courts and state courts with concurrent jurisdiction over adoption proceedings involving Indian children. 25 U.S.C. § 1911; see also Morrow v. Winslow, 94 F.3d 1386, 1395-96 (10th Cir. 1996) (interpreting ICWA's legislative history as "indicat[ing] that 'the ICWA establishes "minimum Federal standards and procedural safeguards in State Indian child custody proceedings,"'" but as not indicating "that the ICWA intended to allow federal court interdiction of *ongoing* state custody disputes involving Indian children" (quoting Kiowa Tribe of Okla. v. Lewis, 777 F.2d 587, 590 n.3 (10th Cir. 1985))). Thus, to the extent Nowlin relies on the complete preemption doctrine to support his assertion of federal-question jurisdiction, he fails to demonstrate that the doctrine applies.

Nonetheless, the Court finds that a liberal construction of Nowlin's complaint supports that his claims for declaratory relief "arise under" the ICWA. Section § 1914 of the ICWA "allows a petition to invalidate a state court foster care placement or termination of parental rights action on the grounds that it violated §§ 1911, 1912, or 1913, to be brought in *any* court of competent jurisdiction." Morrow, 94 F.3d at 1394. Thus, the Tenth Circuit has held "that federal district courts have jurisdiction under 28 U.S.C. § 1331 over complaints in which a plaintiff alleges a violation of

§§ 1911, 1912, or 1913." Morrow, 94 F.3d at 1394 (citing Roman-Nose v. New Mexico Dep't of Human Servs., 967 F.2d 435, 437 (10th Cir. 1992)).

As discussed, Nowlin's four claims for declaratory relief focus on whether the state district court either has misapplied or will misapply the ICWA in the course of the ongoing state adoption proceedings, and in seeking relief he specifically refers to § 1911. See Dkt. 1 at 5, 7. Thus, a fair reading of Nowlin's complaint suggests that he is alleging a violation, or anticipated violation of his rights under the ICWA. With the benefit of liberal construction and Morrow's guidance, the Court finds that Nowlin's complaint sufficiently invokes this Court's jurisdiction under § 1331.

However, the Court further finds that Morrow mandates that this Court abstain from exercising that jurisdiction. In Morrow, the Tenth Circuit stated that "it is not clear from the language of § 1914 that Congress intended to allow federal courts to enjoin ongoing state adoption proceedings" and concluded that "§ 1914 and related provisions of the ICWA do not preclude [a federal court's] consideration of abstention" under Younger. Morrow, 94 F.3d at 1395. Notably, even when a federal court has jurisdiction to grant declaratory relief, the Younger abstention doctrine requires a federal court to decline to exercise that jurisdiction when three conditions are met: (1) state judicial proceedings are ongoing, (2) those proceedings implicate an important state interest, and (3) those proceedings offer an adequate opportunity to litigate federal constitutional issues. Winnebago Tribe of Neb. v. Stovall, 341 F.3d 1202, 1204 (10th Cir. 2003). Here, all three conditions are satisfied. First, Nowlin's pleadings demonstrate that the state adoption proceedings are ongoing. Second, the adoption proceedings implicate an important state interest, even when those proceedings involve the application of ICWA. See Morrow, 94 F.3d at 1393 ("It cannot be gainsaid that adoption and child custody proceedings are an especially delicate subject of state policy."). Third, the Court finds nothing in Nowlin's pleadings suggesting that he has not had, or

will not have, an adequate opportunity in state court to litigate any federal issues arising under the ICWA. In fact, Nowlin alleges that he has filed several motions in state court contesting the adoption. But he does not allege that the state court has prevented him from asserting in these motions his concerns regarding the state court's application of the ICWA. For these reasons, the Court finds that this action must be dismissed without prejudice under the Younger abstention doctrine.

Finally, while dismissal under the Younger abstention doctrine is without prejudice, the Court finds that it need not grant Nowlin an opportunity to amend his complaint. Here, any amendment would be futile so long as the state adoption proceedings remain pending. See Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc., 175 F.3d 848, 859 (10th Cir. 1999) (noting that district court may deny leave to amend if amendment would be futile).

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Nowlin's "Motion for Declaratory Relief Pursuant to the Complete Preemption Doctrine" (Dkt. # 1) is **dismissed without prejudice**.

2. This is a final order terminating this civil action.

**DATED** this 12th day of February 2018.

_____
**TERENCE KERN**
**United States District Judge**